DECISION
{¶ 1} This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Clermont County Court of Common Pleas, and upon the briefs filed by counsel for the parties and the pro se brief of defendant-appellant, Jeffrey N. Saag, oral argument having been waived.
 {¶ 2} Counsel for appellant filed a brief with this court pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," Anders, at 744,87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
 {¶ 3} Appellant has filed a pro se brief raising an assignment of error pertaining to the trial court's lack of jurisdiction based upon the absence of a sworn complaint. Appellant's claim that the trial court is without jurisdiction because there is no sworn complaint is meritless since a criminal case may be instituted not only by a complaint, but also by a citation or an indictment. State ex rel. Miller v. Griffin
(Mar. 22, 2001), Cuyahoga App. No. 78948. Appellant was charged via a valid indictment, thereby vesting the trial court with jurisdiction over this case.
 {¶ 4} We have accordingly examined the record, the potential assignment of error presented in counsel's brief, and the assignment of error in appellant's pro se brief, and find no error prejudicial to appellant's rights in the proceedings in the trial court.
 {¶ 5} Therefore, the motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.
Young, P.J., Powell and Valen, JJ., concur.