OPINION
{¶ 1} Defendant-appellant, Malek B. Aliane, appeals from the August 5, 2003 judgment of the Franklin County Court of Common Pleas ordering him, upon resentencing, to pay restitution in the amount of $7,000 to Rush Motor Sales. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On December 8, 2000, appellant was indicted in case No. 00CR12-6960 on one count of passing a bad check in violation of R.C. 2913.11, a fifth degree felony, four counts of passing bad checks in violation of R.C. 2913.11, felonies of the fourth degree, and one count of theft in violation of R.C. 2913.02, a felony of the third degree. On January 12, 2001, appellant was charged in case No. 01CR01-213 with possession of criminal tools in violation of R.C. 2923.24, a fifth degree felony, and one count of forgery in violation of R.C. 2913.31, also a fifth degree felony. On June 12, 2001, appellant was indicted in case No. 01CR06-3405 on one count of theft in violation of R.C.2913.02, a fifth degree felony.
 {¶ 3} The three cases were consolidated for trial. On July 19, 2001, appellant pled guilty in case No. 00CR12-6960 to three fourth degree felony counts of passing bad checks, one fifth degree felony count of passing a bad check and one count of attempting to pass a bad check. In case No. 01CR01-213, appellant pled guilty to one count of attempting to pass a bad check. In case No. 01CR06-3405, appellant pled guilty to one count of theft. The trial court ordered a presentence investigation and scheduled sentencing for August 31, 2001.
 {¶ 4} At the August 31, 2001 sentencing hearing, the trial court sentenced appellant to 11 months on each fifth degree felony count and 17 months on each fourth degree felony count in case No. 00CR12-6960. In case No. 01CR01-213, the trial court sentenced appellant to 102 days, for which he was credited with time served. Finally, in case No. 01CR06-3405, the trial court sentenced appellant to 11 months. The trial court ordered the sentences in 00CR12-6960 and 01CR06-3405 to be served consecutively.
 {¶ 5} After the trial court imposed the prison terms, the prosecutor inquired if the court intended to address the issue of restitution. The court indicated that it would order restitution and asked the prosecutor what restitution was warranted. The prosecutor responded with the following pertinent sums: (1) in case No. 00CR12-6960, $7,300 to Rush Motor Sales, and (2) in case No. 01CR06-3405, $594.80 to Sears Northland
 {¶ 6} In three separate judgment entries filed September 7, 2001, the trial court imposed the same prison terms as those pronounced at the sentencing hearing. In addition, the court ordered appellant to pay $7,000 restitution to Rush Motor Sales in case No. 00CR12-6960, and $594.80 restitution to Sears Northland in case No. 01CR06-3405. Appellant appealed the judgments in case Nos. 00CR12-6960 and 01CR06-3405 on grounds that the trial court (1) failed to make the findings required by R.C. 2929.14(B) before imposing terms of imprisonment greater than the minimum terms, and (2) failed to make the requisite findings and state its reasons for imposing consecutive sentences in contravention of R.C. 2929.14(E)(4). On June 13, 2002, this court found no merit to appellant's first claim, but sustained the second. Accordingly, this court reversed the sentence imposed and remanded the matter for resentencing. See State v. Aliane,
Franklin App. No. 01AP-1110, 2002-Ohio-2932 ("AlianeI").[1]
 {¶ 7} Pursuant to this court's remand, the trial court held a hearing on August 2, 2002, in case Nos. 00CR12-6960 and 01CR06-3405. In arguing that consecutive sentences were not warranted, defense counsel stated that during appellant's crime spree, appellant took possession of three automobiles, all of which were ultimately returned to the respective dealerships to whom appellant wrote bad checks. Defense counsel admitted that the vehicle obtained from Rush Motor Sales sustained $7,200 in damage. Defense counsel further averred that appellant told him he would be able to make restitution in that amount after he was released from prison. Thereafter, the trial court, in case No 00CR12-6960, resentenced appellant to 11 months for each fifth degree felony count and 17 months for each fourth degree felony count, and ordered the sentences to be served consecutively with case No. 01CR06-3405.
 {¶ 8} In its August 7, 2002 resentencing entry in case No. 00CR12-6960, the trial court imposed the same prison terms as those pronounced at the resentencing hearing and ordered appellant to pay restitution of $7,000 to Rush Motor Sales. In its August 7, 2002 resentencing entry in case No. 01CR06-3405, the trial court resentenced appellant to an 11-month prison term and ordered him to pay $594.80 restitution to Sears Northland
 {¶ 9} Appellant, pro se, timely appealed the trial court's resentencing entry in case No. 01CR06-3405 (assigned on appeal as case No. 02AP-948), arguing that the trial court (1) failed to conduct an impartial resentencing hearing, (2) failed to adhere to the statutory requirements of R.C. 2929.13 when imposing a prison sentence rather than a community control sanction, (3) failed to state its reasons for imposing a prison term, and (4) denied him his due process rights when it issued a judgment entry that imposed an 11-month term of incarceration and an order of restitution when neither had been rendered in his presence at the resentencing hearing.
 {¶ 10} Appellant's counsel timely appealed from the resentencing entry in case No. 00CR12-6960 (assigned on appeal as case No. 02AP-986), arguing that the trial court erred in imposing consecutive sentences without a showing of physical or economic harm. The cases were consolidated for disposition by this court.
 {¶ 11} On April 22, 2003, this court found no merit to appellant's first three claims in case No. 02AP-948 or his claim in case No. 02AP-986. However, this court sustained appellant's fourth claim in case No. 02AP-948, finding that the trial court erred in issuing judgment entries in case Nos. 00CR12-6960 and 01CR06-3405 that imposed sentences on appellant different from those pronounced in appellant's presence at the resentencing hearing. This court held that appellant "must be resentenced in open court with respect to the 11-month incarceration and $594.80 restitution order in case No. 01CR-06-3405 and $7,000 order of restitution in case No. 00CR-12-6960." State v. Aliane,
Franklin App. Nos. 02AP-948 and 02AP-986, 2003-Ohio-2022, at ¶ 36. ("Aliane II"). Accordingly, this court reversed the sentence imposed and remanded the matter for further proceedings.
 {¶ 12} Pursuant to this court's remand, the trial court held a hearing on August 1, 2003, at which the trial court noted that its jurisdiction was limited by this court's remand to imposing the restitution orders in appellant's presence in open court. Accordingly, the court ordered appellant to pay $7,000 restitution to Rush Motor Sales in case No. 00CR12-6960 and $594.80 to Sears Northland in case No. 01CR06-3405. Both defense counsel and appellant argued that the restitution orders were not supported by sufficient evidence. The trial court responded:
Mr. Aliane, I am not going to argue with you. These restitution numbers are the ones set forth from the Court of Appeal's [sic] decision.
* * *
Let me finish. You pled guilty to these charges, and the restitution was established by the Probation Department. You don't have a separate trial on restitution. The amount of restitution has been to the Court of Appeals. The only error they found was that I forgot to announce it in open court the last time we were here because you were screaming your head off. So I'm ordering the restitution in 01CR-3405 of $594.80, and Case No. 2000CR-12-6960 in the amount of $7,000. That will be all.
(Aug. 1, 2003 Tr. at 5-6.)
 {¶ 13} In its August 5, 2003, resentencing entry in case No. 00CR12-6960, the trial court resentenced appellant to 11-month prison terms on the felony five counts and 17-month prison terms on the felony four counts and ordered appellant to pay restitution of $7,000 to Rush Motor Sales. In its August 5, 2003 resentencing entry in case No. 01CR06-3405, the trial court resentenced appellant to an 11-month prison term and ordered him to pay $594.80 restitution to Sears Northland
 {¶ 14} Appellant, pro se, timely appealed from the trial court's resentencing entry in case No. 01CR06-3405 (assigned on appeal as case No. 02AP-840). Counsel for appellant timely appealed from the resentencing entry in case No. 00CR12-6960 (assigned on appeal as case No. 02AP-881). By journal entry dated October 21, 2003, this court sua sponte consolidated the appeals for purposes of determination. By journal entry dated March 19, 2004, this court sua sponte de-consolidated the appeals; accordingly, we will address only the appeal in case No. 02AP-881.
 {¶ 15} Appellant sets forth a single assignment of error, as follows:
The trial court erred in imposing a restitution order in the absence of sufficient evidence to show the amount of actual loss and Appellant's responsibility for it.
 {¶ 16} In accordance with the law of the case doctrine, a trial court has no discretion to disregard the mandate of a reviewing court and no authority to extend or vary the mandate given. State v. Barr, Cuyahoga App. No. 81904, 2003-Ohio-2652, at ¶ 9, citing Nolan v. Nolan (1984), 11 Ohio St.3d 1; Statev. Latson (Nov. 1, 2001), Cuyahoga App. No. 79093; State v.Letts (Jan. 29, 1999), Montgomery App. No. 17084; State v.Gates, Cuyahoga App. No. 82385, 2004-Ohio-1453, at ¶ 9. It is clear from this court's opinion in Aliane II that our remand of the case to the trial court had a very limited purpose — to cure the discrepancy between the oral sentences pronounced in open court at the August 2, 2002 hearing and those imposed in the August 7, 2002 resentencing entry. The trial court followed this court's order and stated that its jurisdiction was limited to imposing the $7,000 restitution order in appellant's presence in open court. There is no suggestion in Aliane II that this court found error in the amount of restitution ordered in the resentencing entry. It is manifestly clear from our remand that the trial court was to do no more than order the $7,000 restitution amount in appellant's presence in open court. Had the trial court elected on remand to consider issues related to the amount of restitution ordered, that action would have been wholly inconsistent with our decision and would have exceeded the permissible scope of the trial court's authority on remand
 {¶ 17} Moreover, prior to the third resentencing hearing, appellant had never objected to the amount of restitution ordered and, indeed, invited the alleged error to which he now objects. When the issue of restitution was raised at the August 31, 2001 hearing, both appellant and his counsel averred that appellant was interested in making restitution. When asked by the court what restitution was warranted, the prosecution asserted $7,300; appellant did not object. At the August 2, 2002 hearing, the trial court stated several times that the vehicle obtained from Rush Motor Sales had sustained damage of $7,000; appellant did not object. Further, appellant's counsel admitted that the vehicle sustained $7,200 in damage and further averred that appellant told him he would be willing to make restitution in that amount after he was released from prison. Appellant's counsel induced the court to rely on the $7,200 figure by arguing that the extent of economic harm he caused did not warrant the term of incarceration imposed. After encouraging the court to rely upon this restitution amount, appellant cannot now dispute it. "A party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make."Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus.
 {¶ 18} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 Bowman and Klatt, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] For a complete factual and procedural history of this case, see Aliane I.