DECISION AND JUDGMENT ENTRY
{¶ 1} Dennis Noland appeals his sentence by the Washington County Court of Common Pleas to the maximum sentence of ten years for one count of rape, a first-degree felony violation of R.C.2907.02(A)(1)(c). Noland contends that the trial court erred in imposing the maximum sentence without stating adequate reasons during the resentencing hearing for its finding that Noland's offense constituted the "worst form of the offense." Because we find that the trial court stated adequate reasons for finding that Noland committed the worst form of the offense, we disagree. Additionally, Noland filed a pro se brief asserting ineffective assistance of counsel at his trial and sexual predator hearing. Because Noland's case was before the trial court solely on the issue of re-sentencing, we do not possess the authority to consider alleged errors from the trial or sexual predator hearing. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Noland pled guilty to raping his step-daughter, who was twenty-two years old at the time of the offense but had the mental capacity of a three and a half year old child. He appeared before the trial court for a sexual predator hearing and sentencing for the first-degree felony violation of R.C.2907.02(A)(1)(c). The court adjudicated Noland a sexual predator and sentenced him to the maximum term of ten years imprisonment. Throughout the trial court proceedings, attorney George Cosenza represented Noland.
 {¶ 3} The Ohio Public Defender filed a notice of appeal on Noland's behalf and represented him throughout the direct appeal. This court affirmed Noland's conviction, sentence, and status as a sexual predator in State v. Noland, Washington App. No. 02CA28, 2003-Ohio-1386. Noland appealed his sentence to the Ohio Supreme Court. The Ohio Supreme Court reversed the case and remanded it for re-sentencing under the authority of State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. State v. Noland,99 Ohio St.3d 474, 2003-Ohio-4167.
 {¶ 4} The trial court held a re-sentencing hearing. At the hearing, Assistant Washington County Public Defender Raymond H. Smith represented Noland. The state presented evidence and requested that the court re-impose the maximum sentence of ten years. Attorney Smith cross-examined the state's witness and argued for a shorter sentence. Noland declined to make a statement.
 {¶ 5} The court indicated that it considered the record of the case, the testimony presented, the oral statements, the victim impact statements, the pre-sentence report, and the parties' pre-sentence memoranda. The court found that Noland's was "one of the worst cases of denial and deflecting blame this Court's ever seen," and noted that Noland tried to blame the victim, her mother, and others. Noland vehemently denied sexual contact with the victim, until two blood tests proved with 99.9% accuracy that he was the father of the fetus aborted by the victim. Additionally, the court opined that Noland tremendously minimized the seriousness of his conduct. For example, Noland claimed that the victim is smarter than people believe, and that she does not have the mentality of a three year old. Additionally, the court noted that Noland violated his position of trust in the victim's family. Based upon these factors, the court found that Noland committed the worst form of the offense. The court again sentenced Noland to ten years imprisonment, the maximum possible sentence.
 {¶ 6} On appeal, Assistant Ohio Public Defender Barbara Farnbacher represents Noland. Pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, Attorney Farnbacher filed a motion to withdraw as counsel, notifying this court that she could not find a meritorious issue for appeal. Attorney Farnbacher also filed a brief outlining a potential assignment of error. Noland filed a pro se brief, alleging that his original trial counsel, Attorney Cosenza, made several errors during his representation.
 {¶ 7} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, she should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany her request with a brief identifying anything in the record that could arguably support her client's appeal. Id. Counsel also must: (1) furnish her client with a copy of the brief and request to withdraw; and (2) allow her client sufficient time to raise any matters that the client chooses. Id.
 {¶ 8} Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75,80, 109 S.Ct. 346, quoting Anders, 386 U.S. at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent, (Mar. 4, 1998), Jackson App. No. 96CA794;State v. Hart, (Dec. 23, 1997), Athens App. No. 97CA18. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders, 386 U.S. at 744; Penson,488 U.S. at 80; see, e.g., State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29.
 {¶ 9} Here, Noland's counsel satisfied the requirements inAnders. Additionally, Noland filed a pro se brief. Accordingly, we will examine counsel's potential assignment of error, Noland's assignments of error, and the entire record below to determine if this appeal lacks merit. Counsel raises the following potential assignment of error: "The trial court erred when it imposed a maximum sentence without stating adequate reasons during the resentencing hearing to support the finding that this offense constituted the `worst form of the offense.'" Noland raises nine assignments of error, all falling under the heading "Errors of Defence (sic) Counsel, George Cosenza."
 II. {¶ 10} We first address the potential assignment of error outlined by counsel, whether the trial court erred in imposing the maximum sentence without stating adequate reasons during the hearing to support the finding that Noland committed the worst form of the offense. When a trial court imposes a sentence that is contrary to law, a defendant has an appeal as of right. R.C.2953.08(A)(4). We may reverse a sentence only when we find by clear and convincing evidence that the record does not support the sentence or it is contrary to law. R.C. 2953.08(G)(2).
 {¶ 11} R.C. 2929.14(C) limits a trial court's authority to impose the maximum prison sentence. Under this statute, the legislature provided that maximum sentences are reserved for those offenders who (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) are certain major drug offenders; or (4) are certain repeat violent offenders. If the trial court imposes the maximum sentence by making one of the four possible findings, it must also give its reasons for doing so at the sentencing hearing. R.C. 2929.19(B)(2)(d); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus. We may reverse a consecutive sentence or a maximum sentence when the trial court does not make its required findings or the reasons supporting those findings at the sentencing hearing. Comer at paragraph one of the syllabus (consecutive sentences) and at ¶ 26 (finding that "the rationale supporting [the] holding that findings and reasons must be given by the court before imposing consecutive sentences at the sentencing hearing applies with equal force to the length of sentences").
 {¶ 12} The applicable offense here, R.C. 2907.02(A)(1)(c), prohibits sexual conduct with a victim who is not the spouse of the offender when the victim's ability to consent is impaired by a mental or physical condition. The trial court found that Noland committed the worst form of the offense. At the hearing, the trial court engaged in an extensive review of the facts of the case before concluding that Noland committed the worst form of the offense. Specifically, the court noted that the victim is severely retarded, with the mental abilities of a three and a half year old child. Additionally, as a result of the abuse, the victim had to undergo an operation for abortion. The court noted that the victim's mother reported that the victim's demeanor changed as a result of the abuse. Further, the court found that Noland violated a deep trust with the victim and her mother, and caused the mother to feel tremendous guilt. Noland tried to blame the victim, her mother, and others. The court also opined that Noland tremendously minimized the seriousness of his conduct, claiming that the victim is smarter than people believe because she can cook and sing karaoke.
 {¶ 13} The court stated at the hearing that it based its determination that Noland committed the worst form of the offense upon the facts listed above. We find that the trial court adequately set forth its reasons, by use of specific operative facts, for finding that Noland committed the worst form of the offense. Therefore, we cannot find by clear and convincing evidence that the sentence is contrary to law. Therefore, we overrule the proposed assignment of error advanced by Noland's counsel.
 {¶ 14} Noland set forth nine assignments of error in his pro se brief. Each of Noland's assignments of error relate to the performance of his counsel, Attorney Cosenza, during the original trial court proceedings. The Supreme Court of Ohio remanded Noland's case solely for the purpose of re-sentencing. Noland,2003-Ohio-4167 at ¶ 1. Therefore, our authority, like the trial court's, is limited to considering matters relating to Noland's re-sentencing. State v. Cvijetinovic, Cuyahoga App. No. 82894, 2003-Ohio-7171. Accord State v. Aliane, Franklin App. No. 03AP-881, 2004-Ohio-3698; State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436. Thus, we cannot consider assignments of error relating to Attorney Cosenza's performance. Accordingly, we overrule Noland's assignments of error.
 {¶ 15} Upon our independent review of the record, we conclude that Noland's counsel provided Noland with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson, supra; State v. Jordan, Vinton App. No. 03CA583, 2004-Ohio-1064. Hence, we find that no grounds exist to support a meritorious appeal. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.