DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Wood County Court of Common Pleas wherein, following a plea of guilty, appellant, David Klotz, was found guilty on both counts of the indictment: Count 1, theft, a felony of the fourth degree, in violation of R.C. 2913.02; and Count 2, theft, a felony of the fifth degree, in violation of R.C. 2913.02. Appellant was sentenced on October 18, 2004, to serve 17 months in prison on the felony of the fourth degree, and 11 months on the felony of the fifth degree, to be run concurrently, plus restitution in the amount of $11,300 and $4,300 to the respective victims. For the reasons set forth below, this court affirms the decision of the trial court.
{¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any arguable issues on appeal. Counsel for appellant does, however, set forth the following potential assignments of error:
{¶ 3} "I. The trial court abused its discretion and erred to the prejudice of Appellant by denying his Motion to Withdraw Guilty Plea.
{¶ 4} "II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 10
of the Constitution of the State of Ohio."
{¶ 5} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
{¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
{¶ 7} The first potential assignment of error raised in counsel's Anders' brief concerns whether the trial court abused its discretion by not allowing appellant to withdraw his guilty plea prior to sentencing. In this case, on December 8, 2003, appellant entered a plea of guilty as to the two counts of theft in the indictment. In exchange, the state represented that it was willing to forego any further prosecution on three, as of then, uncharged forgery charges. Appellant indicated that he understood his constitutional rights; was very satisfied with his counsel's representation; that no threats or promises, other than those stated in court, had been made; and the potential penalties he was facing by entering a plea of guilty. Counsel for appellant stipulated that based on the prosecutor's file, if such evidence was presented at trial, it would support a conviction of theft as to each victim. The matter was continued for sentencing until February 2, 2004, to allow a presentence investigation report to be prepared. Bond was then amended and appellant was released on his own recognizance. During January or February 2004, appellant went to Chicago and was allegedly injured by a blunt object trauma to his head. Appellant failed to present himself for a presentence investigation report and failed to appear for his February 2, 2004 sentencing hearing.
{¶ 8} Appellant was ultimately apprehended and sentencing was scheduled for August 12, 2004. On August 12, 2004, appellant requested the court to allow him to withdraw his guilty plea. Counsel indicated that the basis for appellant's desire to withdraw his guilty plea was "some concerns about discussions with the prosecutor." Counsel, however, indicated that he spoke with the prosecutor that day and it was counsel's understanding that the state was "going to follow the terms of the plea agreement previously discussed." Additionally, counsel indicated that appellant's desire to withdraw his plea was based on the fact that he potentially suffered an injury to his brain while in Chicago and it remained to be seen what the status of that injury was. Appellant desired to have a neurological work-up to determine any loss of brain function, which "certainly would affect knowingly going forward with his sentencing." Further, counsel indicated that appellant had expressed a desire for some time to withdraw his plea because he was not certain "he was doing the right thing by entering the plea." With respect to appellant's request, the state responded that it was merely another delay tactic, pointing out that at the time of his head injury, appellant had already fled the state and missed his presentence investigation appointment. The state also pointed out that appellant spent months in jail in Illinois fighting extradition. The motion was taken under advisement by the court and the matter was continued until September 13, 2004. Counsel for appellant was given a week to provide a written memorandum in support of his motion.
{¶ 9} On August 26, 2004, the trial court rendered its decision on appellant's motion. No additional argument or memorandum was provided by appellant. The trial court held that a motion to withdraw a guilty plea before sentence is imposed should be freely and liberally granted, but only if there is a reasonable and legitimate basis. The trial court then found: (1) appellant was represented by experienced counsel; (2) the state would not be prejudiced by granting the motion; (3) appellant was given a full Crim.R. 11 hearing; (4) appellant's motion to withdraw his plea was not made within a reasonable time because it was made after he had fled Ohio; (5) appellant's reason for withdrawing his plea was his concern that he was not doing the "right" thing by pleading guilty; (6) appellant did not allege that he misunderstand the nature of the charges or possible penalties; (7) appellant offered no evidence of his innocence and, in fact, stipulated to the factual basis for his guilt; and (8) appellant was given a full hearing on his motion to withdraw his guilty plea and had every opportunity to present witnesses and submit supplemental legal memorandum. Ultimately, the trial court held that appellant "changed his mind." Appellant was not pressured into a guilty plea, was represented by able counsel, and was fully aware of the charges against him and of their consequence. The trial court found that "there is no legitimate and reasonable basis upon which [appellant] seeks to withdraw his plea of guilty."
{¶ 10} On September 13, 2004, counsel for appellant indicated that appellant desired to retain his own counsel on the case. Appellant's counsel was permitted to withdraw and the matter was continued until October 18, 2004. Appellant had failed to retain counsel by October 18, 2004. As such, the trial court appointed appellant new counsel to represent him. Sentencing proceeded on October 18, 2004. Appellant stated that he plans "on paying [the victims] every cent [he] took. [He] understand[s] their hardships they endured, and [he] plan[s] on making good on [his] promise to the Court paying it back."
{¶ 11} Crim.R. 32.1 provides:
{¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
{¶ 13} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. "It is not the role of an appellate court to conduct a de novo review of a trial court's decision in these circumstances." Id. at 527. Additionally, an appellate court should not second-guess the trial court's finding on this question. Id. at 525. Rather, the trial court is in the "better position to evaluate the motivations behind the guilty plea than an appellate court which is only reviewing a record of the hearing." Id., citing, Statev. Smith (1977), 49 Ohio St.2d 261. "[G]ood faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial court]." Id, citingSmith at 264.
{¶ 14} As such, the decision of the trial court to grant or deny a presentence motion to withdraw a guilty plea must be upheld absent an abuse of discretion. Xie at paragraph two of the syllabus. To find an abuse of discretion, we must find more than an error of judgment, "[w]e must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'" Id. at 527, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
{¶ 15} To assist in determining whether an appellant has established a reasonable and legitimate basis for withdrawing a guilty plea, appellate courts have crafted a non-exhaustive list of considerations which can be used to determine whether an appellant's motion to withdraw a guilty plea should be granted or denied. These factors include: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Griffin (2001),141 Ohio App.3d 551, 554. See, also, State v. Fish (1995),104 Ohio App.3d 236, 240.
{¶ 16} Upon review of the record and applicable law, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Based on the record and decision of the trial court, it is clear that the trial court gave full and fair consideration to the motion. The trial court determined that, although no prejudice to the state would occur, appellant was afforded experienced counsel (with whom appellant stated he was "very satisfied"), fully understood his constitutional rights, the nature of the offenses against him, and the potential penalties he faced. Additionally, the trial court determined that the timing of the motion was not reasonable, since appellant raised it only after fleeing the state. The trial court further found that appellant and counsel were afforded a hearing and full opportunity to establish the basis for appellant's motion. Nevertheless, the trial court ultimately held that appellant had no reasonable or legitimate basis for withdrawing his plea, because appellant failed to assert his innocence or offer a defense on his behalf and, according to the trial court, merely changed his mind.
{¶ 17} Based on the foregoing, we find that the trial court was within its sound discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue in this regard.
{¶ 18} We further find that there is no evidence in the record that appellant was denied counsel, that counsel's performance was deficient, or that appellant would not have pled guilty but for counsel's representation. See Strickland v. Washington (1984),466 U.S. 668; and State v. Lytle (1976), 48 Ohio St.2d 391,396-397. Accordingly, we find that counsel for appellant also correctly determined that there was no meritorious appealable issue in this regard.
{¶ 19} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
{¶ 20} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J. Skow, J., concur.