JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Roland Clarke appeals from his conviction and the seven-year sentence imposed after he entered a guilty plea to one count of first-degree felony drug trafficking.
 {¶ 2} Appointed appellate counsel, however, pursuant toAnders v. California (1967), 386 U.S. 738, advises this court that Clarke lacks a basis upon which to challenge his conviction and his sentence.
 {¶ 3} Clarke originally was indicted in this case with a co-defendant; four of the counts pertained to Clarke, charging him with two counts of first-degree felony drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. The first count additionally carried a major drug offender ("MDO") specification.
 {¶ 4} Clarke indicated at his arraignment that he had retained counsel to represent him. A lengthy period of pretrial proceedings ensued, during which Clarke's attorney challenged the constitutionality of the MDO specification, obtained a psychological assessment for Clarke, and filed a motion for a separate trial on the basis that Clarke would testify that he had been an unknowing dupe for his co-defendant.
 {¶ 5} Eventually, however, Clarke's retained counsel filed a request to withdraw from the case, citing his client's threats to tell lies which would compromise counsel's legal reputation. The trial court granted the request.
 {¶ 6} Clarke received the services of appointed counsel, who ultimately negotiated a plea agreement with the prosecutor. As stated in the record, in exchange for Clarke's guilty plea to one count of first-degree felony drug trafficking, both the MDO specification and the remaining counts would be dismissed, and the parties jointly would recommend to the trial court an agreed sentence of seven years.
 {¶ 7} The trial court conducted a thorough colloquy before accepting Clarke's guilty plea. Thereafter, the court adopted the parties' recommendation and imposed a prison sentence of seven years.
 {¶ 8} Approximately six months later, Clarke filed in this court a motion pursuant to App.R. 5 for leave to file a delayed appeal of his sentence. His motion was granted, and appellate counsel was appointed to represent him. In the meantime, Clarke filed his own appellate brief; this court later struck his brief in favor of counsel's anticipated one.
 {¶ 9} Clarke's appointed counsel subsequently submitted a request to withdraw pursuant to Anders, supra. In support of his request, counsel advises that he has reviewed the record and can discern no meritorious claims to present on Clarke's behalf.
 {¶ 10} This court, in State v. Duncan (1978),57 Ohio App.2d 93, has set forth the proper procedure to be followed under such circumstances: 1) after counsel has conscientiously examined the record to determine an appeal would be wholly frivolous, he so advises the appellate court and requests to withdraw; 2) counsel accompanies the request with a brief which identifies anything in the record which arguably could support an appeal; 3) counsel furnishes his client with a copy of the brief and allows the client sufficient time to raise any matters he chooses; and, 4) the appellate court then conducts a thorough examination of the proceedings held below to determine if the appeal, indeed, is frivolous.
 {¶ 11} Based upon the foregoing procedure, this court may dispose of the appeal in two ways, i.e., it may either: 1) grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements if it determines the appeal is frivolous; or, 2) proceed to a decision on the merits if state law so requires. State v. Klotz, Wood App. No. WD-04-079,2005-Ohio-3864; State v. Tillman, Huron App. No. H-02-004,2004-Ohio-1967.
 {¶ 12} The Fourth Ohio Appellate District further has explained the first disposition in State v. McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585, at ¶ 5, to wit: if this court concludes that the record contains some "legal points [which] are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal." Alternatively, therefore, if the appellate court finds only frivolous issues on appeal, it may address the merits of the case "without affording appellant the assistance of counsel." State v. Noland,
Washington App. No. 04CA9, 2004-Ohio-5944.
 {¶ 13} Oddly enough, after setting forth the proper procedure in Duncan, this court seems not to have been required to address any appeals presented pursuant to Anders. Nevertheless, other Ohio appellate courts have been faced with such appeals numerous times and have adhered to Duncan in making an Anders
determination. Thus, an abundance of legal authority exists for this court to observe that Clarke's appellate counsel has not followed the required procedure. State v. Saag, Clermont App. No. CA2003-110-94, 2004-Ohio-3015; State v. Smith, Licking App. No. 04 CA 11, 2005-Ohio-5473; State v. Tillman, supra, ¶ 4.
 {¶ 14} In his brief submitted to this court, appellate counsel has not identified any potentially arguable assignments of error. Rather, appellate counsel has reviewed the assignments of error Clarke presented in his pro se brief which this court ordered stricken, and has argued that each lacks merit. Appointed counsel in this way has not furnished Clarke with any particular "assistance," as is ordinarily his duty. Duncan, supra.
 {¶ 15} Nevertheless, from the record presented in this case, this court must conclude that Clarke's appeal is wholly frivolous. State v. Noland, supra.
 {¶ 16} Clarke cannot challenge his sentence on appeal, since, pursuant to R.C. 2953.08(D), "[w]hen a defendant agrees to a specific term of incarceration as part of a plea bargain, that sentence is generally not subject to appellate review." State v.Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692, at ¶ 6 (Footnote omitted); see also, State v. Krowiak, Cuyahoga App. No. 85965,2005-Ohio-6012.
 {¶ 17} Similarly, Clarke lacks any basis upon which to challenge his guilty plea because the record demonstrates the trial court fully complied with the requirements of Crim.R. 11(C) prior to accepting his plea. State v. Towbridge, Lucas app. No. L-02-1125, 2004-Ohio-481.
 {¶ 18} The transcript of the plea and sentencing hearing indicates Clarke understood he was pleading guilty to a first-degree felony offense which carried a potential penalty of between three to ten years of incarceration and up to five years of post-release control, with an agreed sentence of seven years. He further informed the court that he was satisfied with his trial attorney's representation.
 {¶ 19} Based upon the record, therefore, this court concludes that Clarke's appointed counsel is correct in advising that his appeal presents no meritorious issues. Appellate counsel is admonished, however, that Duncan may not simply be cited as authority for his position, but the procedure set forth therein is to be followed.
 {¶ 20} Accordingly, appellate counsel's motion to withdraw is granted, and Clarke's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Kilbane, J. concur.