DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following the October 24, 2005 judgment of the Huron County Court of Common Pleas, Juvenile Division, which, following a guilty plea, found appellant guilty of two counts of contributing to unruliness or delinquency of a child in violation of R.C. 2919.24(A)(2). For the reasons set forth herein, we affirm the trial court's decision.
 {¶ 2} On September 8, 2005, pursuant to an agreement between appellant and the state, a complaint was filed charging defendant-appellant, Laval D.D., with two counts of contributing to unruliness or delinquency of a child in violation of R.C.2919.24(A)(2).
 {¶ 3} Appellant had previously been indicted on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1), and two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). Due to evidentiary concerns, the state dismissed the felony counts in exchange for a guilty plea to the misdemeanor charges.
 {¶ 4} The charges at issue stem from an incident on March 6, 2005, where appellant, then age 21, arranged to meet three minor girls, aged 14 to 15, at the Aquatic Center in Norwalk, Huron County, Ohio. Appellant and two of the girls had been conversing by telephone and email some months prior to their first meeting. At the Aquatic Center, appellant and the girls were in the hot tub; two of the girls claimed that he sexually assaulted them by digital penetration.
 {¶ 5} Appellant entered his guilty plea on September 9, 2005. Appellant, pursuant to Crim.R. 11, was notified of the constitutional rights he was waiving by entering the plea. The trial court then accepted his plea, found appellant guilty, and ordered that a presentence investigation report ("PSI") be prepared.
 {¶ 6} On September 21, 2005, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea. Appellant argued that the newspaper accounts of the case indicated that the state believed that the girls were truthful regarding the alleged sexual activity. Appellant claimed that he had a complete defense to any allegations of sexual activity between him and the girls, that the girls were untruthful, and that due to the negative publicity appellant had been victimized.
 {¶ 7} On September 26, 2005, a hearing was held on appellant's motion. The court concluded that the fact that appellant was upset by the media coverage was not a legitimate basis to permit him to withdraw his plea. On October 24, 2005, appellant was sentenced to 90 days in jail and a fine. Appellant filed a timely notice of appeal.
 {¶ 8} On appeal, appellant raises the following assignment of error:
 {¶ 9} "The trial court erred in not allowing the defendant to withdraw his plea when the Huron County Prosecuting Attorney makes outside statements to the press, after the plea, but prior to sentencing, that negate the elements of the charge upon which the defendant pled."
 {¶ 10} In appellant's sole assignment of error, he contests the trial court's denial of his presentence motion to withdraw his guilty plea.
 {¶ 11} Crim.R. 32.1 provides:
 {¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 13} Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. State v. Xie (1992),62 Ohio St.3d 521, 526. However, the Xie court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 14} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995),104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102,103.
 {¶ 15} Applying the above factors to the facts of the present case, we find that there was no evidence presented that the state would be prejudiced if the plea was vacated and that the timely motion set forth specific reasons for requesting the withdrawal. At the plea hearing, appellant was represented by competent counsel and was fully informed of the rights he was waiving pursuant to Crim.R. 11(C). Appellant was also informed of the nature of the charges and that he faced up to six months in jail and a fine of $1,000 for each of the counts.
 {¶ 16} Regarding appellant's motion to withdraw his guilty plea, the record demonstrates that a hearing was held on the motion and that the trial judge properly considered the merits of appellant's motion; in fact, the court referenced the Sixth Appellate District case of State v. Klotz, 6th Dist. No. WD-04-079, 2005-Ohio-3864, wherein, we reviewed the factors set forth in Fish, supra. The trial court reviewed the factors and concluded that appellant's displeasure with the media coverage and ensuing regret concerning the plea was not a legitimate basis for granting appellant's motion to withdraw his plea. Appellant never denied his guilt regarding the misdemeanor charges; he indicated that the state had evidentiary problems regarding the felony counts that were dismissed. We further note that the court's finding of guilt to contributing to the delinquency of a minor was not contingent upon the alleged victims being adjudicated delinquent. The language in R.C. 2919.24(A)(2), indicates that appellant only need to have tended to cause a child to become unruly or delinquent. See State v. Jocelyn B.
(Aug. 8, 1997), 6th Dist. No. E-96-010, citing State v. Gans
(1958), 168 Ohio St. 174.
 {¶ 17} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.