[Cite as *State v. Clarke*, 2012-Ohio-924.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97017

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROLAND CLARKE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-434456

**BEFORE:**   Jones, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   March 8, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Craig M. Jaquith
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: James M. Price
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1}   Defendant-appellant, Roland Clarke, appeals the trial court's June 9, 2011 judgment denying his motion to terminate postrelease supervision.   We reverse.

## I.   Procedural History and Facts

{¶2} In 2003, Clarke was charged with several crimes.   After negotiations between the state and defense, Clarke agreed to plead guilty to drug trafficking,   a first degree felony, in exchange for the state's dismissal of the remaining charges.   In 2004, a plea hearing was held.   At the hearing, the trial court advised Clarke that there was the "possibility of five years postrelease control."   After finding that Clarke was knowingly, intelligently, and voluntarily   waiving his rights, the trial court accepted his plea.

{¶3} The case immediately proceeded to sentencing.   The trial court sentenced Clarke to a seven-year term, which was the recommended sentence of the state and defense.   The court advised Clarke that there was a "possibility of five years postrelease control, which may include supervision by the Adult Parole Authority."   The sentencing entry provided, "postrelease control is part of this prison sentence for the maximum period allowed for the above felony under R.C. 2967.28."

{¶4} Clarke finished serving his sentence in December 2010.   In April 2011, he filed a motion to terminate postrelease supervision, contending that the sanction was improperly imposed and termination was the required relief.   The trial court denied the motion, and in his sole assignment of error Clarke challenges that denial.

## II. Law and Analysis

**{¶5}** Under R.C. 2967.28, it is mandatory that an offender sentenced to imprisonment for a first degree felony, as Clarke was, be subject to a period of postrelease control after the offender's release from imprisonment. R.C. 2967.28(B). The required period of postrelease control for a first degree felony is five years. R.C. 2967.28(B)(1). If a defendant is subject to postrelease control, the trial court must notify him of postrelease control at the sentencing hearing, and must include the postrelease control terms in the sentence, or the sentence is void. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11, 12.

**{¶6}** The state agrees that notification of postrelease control must be given to an offender at his sentencing hearing. And according to the state, Clarke was properly notified at his sentencing hearing. At sentencing, the trial court advised Clarke of the "*possibility* of five years postrelease control." (Emphasis added.) Thus, while there was some advisement at sentencing about postrelease control, the question arises whether advising Clarke of the "possibility" of postrelease control was sufficient. We do not believe so.

**{¶7}** In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the Ohio Supreme Court stated that the "most basic requirement of R.C. 2929.191 and [the Court's] existing precedent" dictates that a sentencing court "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification into its entry." *Id.* at ¶ 69. The advisement to

Clarke at sentencing that postrelease control was a "possibility" did not notify him that postrelease control was mandatory. Moreover, Clarke was similarly advised at his plea hearing of the "possibility" of postrelease control.

{¶8} What then of the sentencing entry, which provided that "postrelease control is part of this prison sentence for the maximum period allowed for the above felony under R.C. 2967.28?" First, there again was no advisement that postrelease control was mandatory. Second, there was no advisement of the specific five-year period of postrelease control. Thus, even if we were to find that the trial court's prior advisements to Clarke that postrelease control was for a five-year period were sufficient, he was still never advised — at the plea hearing, at the sentencing hearing, or through the sentencing entry — that postrelease control was mandatory. *Bloomer* makes clear that such an advisement is required.

{¶9} In light of the above, postrelease control was not properly imposed on Clarke and that portion of his sentence is vacated. Because Clarke has already served his prison term, he cannot be resentenced (*Bezak* at ¶ 18, holding that because the defendant had already served the prison term ordered by the trial court, he could not be subject to resentencing in order to correct the trial court's failure to impose postrelease control at his original sentencing hearing).

{¶10} Finally, we address the state's contention that, under the doctrine of law of the case, this court's decision in Clarke's first appeal, *State v. Clarke*, 8th Dist. No. 85999, 2006-Ohio-281, 2006 WL 178302 ("*Clarke I*"), bars his contentions made in this

appeal.

{¶11} Under the doctrine, the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). In his first appeal, Clarke challenged his plea and sentence. This court held that Clarke could not challenge his sentence because he agreed to the seven-year term. *Clarke I* at ¶ 16. This court also held that the record demonstrated that the trial court complied with Crim.R. 11(C) in accepting Clarke's plea. *Id.* at ¶ 17. The first appeal did not address the specific issue of postrelease control.

{¶12} As stated by the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the law-of-the-case doctrine is rooted in res judicata and issue preclusion principles and the Court "expressly disfavor[s] applying res judicata to sentences that do not conform to statutory postrelease-control mandates." *Id.* at ¶ 35. The Court similarly stated that it rejects the "application of issue preclusion to sentences that do not comply with statutory mandates, as those sentences are illegal and subject to collateral attack or direct appeal by any party." *Id.*

{¶13} In light of the above, the law-of-the-case doctrine does not operate to bar this appeal.

### III. Conclusion

{¶14} Because postrelease control was not properly imposed on Clarke, that portion of his sentence is vacated. Further, because Clarke has already served his prison

term, he cannot be resentenced. The trial court's judgment denying Clarke's motion to terminate his postrelease control is, therefore, reversed. Upon remand, the trial court shall order Clarke discharged from postrelease control.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR