JOURNAL ENTRY AND OPINION
{¶ 1} In this delayed appeal, defendant William Gibson contests the sentence imposed following his guilty pleas to voluntary manslaughter and aggravated robbery. For the reasons set forth below, we dismiss this appeal.
 {¶ 2} On February 8, 2002, the juvenile court issued a delinquency complaint against defendant which alleged that he had committed aggravated murder and aggravated robbery in connection with the death of John Davis.
 {¶ 3} On May 13, 2002, defendant was bound over to the court of common pleas and was charged with aggravated murder and aggravated robbery. Defense counsel and the prosecuting attorney subsequently entered into a plea agreement whereby the aggravated murder charge was amended to voluntary manslaughter, and defendant agreed to plead guilty to this charge and the aggravated robbery charge and serve an agreed sentence of two consecutive ten year terms of imprisonment. In addition, as explained by the prosecuting attorney, defendant "also agreed to waive his right to appeal the guilty plea and the sentence of the Court." (Tr. 11). In response, defendant's trial counsel stated:
 {¶ 4} "Mr. Kosko accurately stated our agreement. Mr. Gibson is aware of all his Constitutional rights and the possible penalties and the agreed upon penalty. I believe he will enter the plea this morning voluntarily and intelligently." (Tr. 12).
 {¶ 5} Defendant subsequently plead guilty to the charges and the trial court sentenced him to two consecutive ten year terms of imprisonment. Defendant now appeals and assigns three errors for our review. For the sake of convenience, we shall address defendant's assignments of error out of their predesignated order. Defendant's third assignment of error states:
 {¶ 6} "Defendant did not waive his right to appeal his sentence when it was unethical for the prosecutor and defense counsel to enter into such a waiver agreement in violation of opinion 2001-6 issued by the Supreme Court Board of Commissioners on Grievances and Discipline."
 {¶ 7} Within this assignment of error, defendant asserts that his waiver of his right to appeal his sentence is unenforceable.
 {¶ 8} In State v. Butts (1996), 112 Ohio App.3d 683,679 N.E.2d 1170, this court held that a defendant could enter into a valid and binding agreement to waive his right to appeal. This court observed that there is no federal constitutional right to an appeal, and that the right to an appeal arises by statute, R.C. 2953.02. Accordingly, this court reasoned that, since a constitutional right may be waived, the statutorily-created right to appeal may also be waived.
 {¶ 9} Defendant asserts, however, that pursuant to Opinion 2001-6 of the Board of Commissioners on Grievances and Discipline, the plea agreement which contained a waiver of appeal rights was unethical. He further contends that his trial counsel was ineffective in agreeing to the maximum consecutive sentence because no rationale for such sentence appears in the record. He further asserts that absent an understanding of the factors set forth in R.C. 2929.14(B), he did not knowingly and intelligently agree to such sentence.
 {¶ 10} As an initial matter, we note that the syllabus of Opinion 2001-6 provides:
 {¶ 11} "It is unethical under the Ohio Code of Professional Responsibility for a prosecutor to negotiate and a criminal defense attorney to advise a defendant to enter a plea agreement that waives the defendant's appellate or postconviction claimsof ineffective assistance of trial counsel or prosecutorialmisconduct." (Emphasis added.)
 {¶ 12} In this matter, the agreement does not purport to waive claims of ineffective assistance of counsel or prosecutorial misconduct. Moreover, defendant does not allege prosecutorial misconduct and he has failed to provide any evidence to support his allegation of ineffective assistance of counsel.[1] Indeed, he acknowledges that "under the record it is impossible to say that counsel fulfilled their duties to advocate for Mr. Gibson at the sentencing hearing." (Appellant's Brief at 9). Accordingly, we are unable to credit defendant's claim that the agreement contravenes Opinion 2001-6.
 {¶ 13} As to defendant's additional contention that he "cannot knowingly and intelligently agree to a maximum consecutive sentence of 20 years without an understanding of the various factors that justify a 20 year sentence [pursuant to R.C.2929.14(B)]," (Appellant's Brief at 9), we note, that State v.Butts, supra, the court stated:
 {¶ 14} "Defendant has not alleged that he did not knowinglyand voluntarily enter into the agreement in which he waived hisright to appeal. Moreover, this agreement is not illusory; the defendant received sufficient consideration for giving up the right to appeal when the state agreed to delete an aggravated felony specification, which would have had a significant effect on defendant's sentencing. As a result, defendant is not relieved from the consequences of his voluntary, deliberate choice to enter into a settlement agreement. In other words, `a deal is a deal.'" Id. at 686. (Emphasis added).
 {¶ 15} In this instance, defendant complains that the court did not fully explain all of the statutory sentencing factors. By definition, however, the agreed sentence constitutes a waiver of the statutory sentencing factors since these are applicable where the court determines the sentence. See, e.g., R.C. 2929.14(B). Moreover, defendant does not allege that he did not knowingly and voluntarily enter into the agreement. Further, his trial counsel stated on the record that he believed that defendant's plea in accordance with the agreement was both voluntary and intelligent. Finally, because the aggravated murder charge was reduced to voluntary manslaughter, we find that defendant received sufficient consideration for entering into the plea. Accordingly, on the record, there is no basis upon which to invalidate the agreement, and for that reason we are unable to conclude that the trial court committed reversible error in adopting the agreed sentence without applying the statutory factors, as these factors must be considered when the court determines the defendant's sentence.
 {¶ 16} This assignment of error is without merit. The appeal is dismissed and the remaining assignments of error which challenge the trial court's imposition of the agreed sentence[2] are moot.
Dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Sweeney, J., and Karpinski, J., concur.
 APPENDIX Defendant's Remaining Assignments of Error
"1. The maximum consecutive sentence must be vacated because the trial court failed to make findings and give reasons supporting these findings at the sentencing hearing under Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165 and related statutes.
"2. The trial court failed to comply with R.C. 2929.11(B),State v. Lyons, 2002-Ohio-3424, para. 30, and failed to ensure that the sentence imposed was consistent with sentences imposed for similar crimes committed by similar offenders."
[1] Defendant does not raise assignments of error which directly raise the issues of ineffective assistance of counsel or prosecutorial misconduct.
[2] See Appendix.