JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jerry Hubbard, appeals his sentence imposed by the common pleas court. Upon review of the record and arguments of the parties, we affirm the sentence of the trial court for the reasons set forth below.
 {¶ 2} On February 13, 2004, appellant was charged in a five-count indictment on the following charges: felonious assault, with a peace officer specification; assault; possession of drugs; resisting arrest; and domestic violence with notice of prior convictions. These charges stemmed from an incident that occurred on January 5, 2004.
 {¶ 3} On that date, police officers were called to an apartment on Coit Avenue on reports of a male breaking into the residence and assaulting a female. Upon arriving on the scene, the officers found appellant threatening and harassing his wife, Cassandra Bizel Hubbard. To defuse the situation, appellant was told to leave the residence and not return. However, he did return and, after hiding and waiting for his wife, he assaulted her, beating her with a wire coat hanger.
 {¶ 4} Police were again dispatched to the residence, and when they arrived this time, they observed injuries to the victim, particularly to her face. As the police officers attempted to place appellant under arrest for domestic violence, an intense struggle ensued, which involved several police officers. During the altercation, appellant pulled from his pocket a glass pipe with suspected cocaine residue and attempted to destroy it. Appellant was finally subdued and placed under arrest.
 {¶ 5} On August 9, 2004, appellant pleaded guilty to amended charges, including: one count of assault, in violation of R.C. 2903.13, as amended in count two of the original indictment; one count of possession of drugs, in violation of R.C. 2925.11, as charged in count three in the original indictment; and one count of domestic violence with notice of prior convictions, as charged in count five of the original indictment. Subsequently, counts one and four of the original indictment were nolled.
 {¶ 6} On September 7, 2004, the trial court sentenced appellant to serve one year incarceration for each of the three counts to which he pleaded guilty. Those one-year terms were ordered to run consecutively. Appellant now appeals from that sentence asserting the following two assignments of error.
 {¶ 7} "I. THE SENTENCE IMPOSED AGAINST THE APPELLANT, WHICH INVOLVED SENTENCING ENHANCEMENTS, NOT FOUND BY A JURY, IS UNCONSTITUTIONAL UNDER THE HOLDING OF THE UNITED STATES SUPREME COURT IN BLAKELY V. WASHINGTON
(2004), 124 S.CT. 2531."
 {¶ 8} "II. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WHEN IT FAILED TO PROPERLY MAKE FINDINGS REQUIRED BY R.C. 2929.14(e)(4)."
 Blakely Claim {¶ 9} Appellant's argument that his consecutive sentences violate the U.S. Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, has been addressed in this court's en banc decision in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665. In Lett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule his first assigned error.
 Consecutive Sentences {¶ 10} Holding that Blakely and its progeny are not applicable to Ohio's sentencing structure, we now turn to the trial court's sentencing findings in this case. Appellant argues that the trial court failed to make the appropriate findings to sentence him to consecutive terms of incarceration.
 {¶ 11} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, 710 N.E.2d 783, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122,568 N.E.2d 1222. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements, at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 12} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 18} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 19} "* * *
 {¶ 20} "(c) If it imposes consecutive sentence under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences; * * *"
 {¶ 21} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. Statev. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert
(1997), 124 Ohio App.3d 225, 705 N.E.2d 1274. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms. See State v. Johnson, Cuyahoga App. Nos. 81040, 81041, 81042, 2003-Ohio-288.
 {¶ 22} Further, under R.C. 2929.14(B), the court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110,715 N.E.2d 131; followed by State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. These findings must be made in open court and on the record, not just incorporated into the journal entry. Statev. Comer, supra.
 {¶ 23} In the case at bar, appellant pleaded guilty to and was sentenced on three felony charges. Appellant subsequently received one year on each charge, to be served consecutive to each other. The trial court took great pains to review, on the record, the facts of the case and then made the following findings:
 {¶ 24} "The harm is so great here and unusual that no single prison term adequately reflects the seriousness of this defendant's conduct. Additionally, the offender's criminal history shows consecutive prison terms are needed to protect the public."
 {¶ 25} In further explanation of its imposition of consecutive sentences, the trial court continued:
 {¶ 26} "Once again, his behavior including the use of numerous aliases, the use of numerous Social Security numbers, his repeat violence directed at women, his fighting with the police, and his unwillingness or inability to rehabilitate himself given the fact that he's been given four separate opportunities of inpatient drug treatment, do indicate that it is necessary to impose this consecutive sentence to punish this offender, but most importantly to protect the public because I'm concerned that immediately upon his release he may be engaging in similar conduct."
 {¶ 27} The Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443,690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 28} We are convinced that the trial court in this case undertook the appropriate analysis for imposing consecutive sentences. The trial judge reviewed the appellant's criminal history and the nature of the current offense and appropriately found that consecutive terms of incarceration were necessary to punish the appellant. Finally, at the sentencing hearing, the trial court clearly stated its reasons for making these findings. Therefore, appellant's second assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and McMonagle, J., concur.