JOURNAL ENTRY AND OPINION
{¶ 1} B.K. appeals his sentence imposed by the Cuyahoga County Common Pleas Court. B.K. argues that the trial court erred when it failed to impose community control sanctions, when it imposed more than the minimum sentence, that the trial court failed to make the required findings, and that his imposed sentence violates the U.S. Supreme Court's decision of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On July 14, 2004, the Cuyahoga County Grand Jury indicted B.K. with three counts of trafficking in drugs with juvenile specifications and one count of possession of drugs with juvenile specifications. After negotiating a plea agreement, B.K. pled guilty to one count of trafficking in drugs with a juvenile specification as charged in count one, a fourth degree felony; and one count of trafficking in drugs as amended in count four, a third degree felony. In exchange for his plea of guilty, the State agreed to drop the juvenile specification from count four, dismiss counts two and three, and agreed upon the recommendation of a two-year prison sentence.
 {¶ 3} On September 30, 2004, the trial court sentenced B.K. to a four-year prison term, suspended two years, and ordered B.K. to serve five years of community control sanctions upon completion of his prison term.
 {¶ 4} B.K. appealed his sentence, and this court issued a sua sponte order dismissing the appeal after it found that the trial court had not sentenced B.K. on count one. This court then remanded the case to the trial court for sentencing on that count. At the resentencing hearing, the trial court conducted a full sentencing hearing and sentenced B.K. to a two-year prison term on count four, and five years of community control sanctions on count one, to be served after completion of the prison term. B.K. again appeals his sentence, raising the five assignments of error contained in the appendix to this opinion.
 {¶ 5} Our standard of review on appeal is not whether the trial court abused its discretion; instead, this Appellate Court must find error by clear and convincing evidence. State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169. Pursuant to R.C. 2953.08, an appellate court may increase, reduce, or otherwise modify a sentence that is appealed, or an appellate court may vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assoc. v. Messengale (1991), 58 Ohio St.3d 121, 122. See, also, State v. Hubbard, Cuyahoga App. No. 85387, 2005-Ohio-4977.
 {¶ 6} In his first, second, and fourth assignments of error, B.K. argues that the trial court erred in sentencing him to a prison term because it did not adequately consider the statutory sentencing criteria of R.C. 2929.11, 2929.12, and 2929.13; the trial court did not make the required findings under R.C. 2929.14(B) to impose more than the minimum sentence; and, the trial court never found on the record that his sentence was consistent with similarly situated offenders as is required by R.C. 2929.11(B). B.K.'s arguments are without merit.
 {¶ 7} In these assigned errors, B.K. complains that the trial court did not fully explain all of the statutory sentencing factors cited above. However, as stated by defense counsel, the prosecution, and the trial court on numerous occasions, B.K. agreed to a two-year prison term in exchange for the dismissal of a juvenile specification and two counts of the indictment.
 {¶ 8} By entering into a plea agreement that provided for a specific prison term, B.K. waived the right to contest any part of that sentence that conforms to the terms of the plea agreement. State v. Gibson,
Cuyahoga App. No. 83069, 2004-Ohio-3112; State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020. Moreover, B.K. does not allege that he did not knowingly and voluntarily enter into the agreement. Additionally, B.K.'s trial counsel stated on the record that he believed his client knowingly, voluntarily, and intelligently entered into the plea agreement. Finally, we find sufficient consideration for entering into the guilty plea because the State dismissed a juvenile specification and two felony counts from the indictment. Accordingly, we find that the trial court did not commit reversible error in adopting the agreed sentence without applying the statutory factors, as these factors must be considered when the trial court determines a defendant's sentence.Gibson, supra.
 {¶ 9} B.K.'s first, second, and fourth assignments of error are overruled.
 {¶ 10} In his third assignment of error, B.K. argues that the trial court's imposed sentence violates the United States Supreme Court decision of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. We disagree.
 {¶ 11} B.K.'s argument that his nonminimum sentence violatesBlakely has been addressed in this court's en banc decision of State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of nonminimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject B.K.'s contention and overrule his third assignment of error.
 {¶ 12} In his fifth and final assignment of error, B.K. contends that the trial court erred by imposing consecutive sentences without making either the required statutory findings nor stating its reasons on the record. Specifically, B.K. argues that the trial court failed to comply with R.C. 2929.14(E)(4). We disagree.
 {¶ 13} B.K.'s argument lacks merit because the trial court did not sentence him to consecutive prison terms. Instead, the trial court sentenced B.K. to two years in prison for trafficking in drugs and five years of community control sanctions for trafficking in drugs with a juvenile specification. The requirement of making statutory findings and providing reasons for the findings on the record pertains only to the imposition of consecutive prison sentences. See R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c); State v. Thompson, Cuyahoga App. No. 83382, 2004-Ohio-2969. "Indeed, whenever a trial court imposes community controlled sanctions and a prison term for two different counts, the community controlled sanctions would not begin until after the defendant was released from prison." Thompson, at paragraph 22.
 {¶ 14} Accordingly, B.K.'s fifth and final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Colleen Conway Cooney, J.,concur
 Appendix A Assignments of Error:
 "I. The trial court erred in imposing a term of incarceration wherecommunity control sanctions would adequately punish appellant and protectthe public from future harm by appellant and others.
 II. The trial court erred in imposing a prison sentence in excess ofthe minimum term authorized for the offense for which the appellant wasfound guilty pursuant to O.R.C. 2929.14(B).
 III. The trial court erred in imposing a prison sentence in excess ofthe minimum term authorized for the offense for which the appellant wasfound guilty since appellant did not admit to serving a prior term ofincarceration and that fact was never found beyond a reasonable doubt toa jury.
 IV. The trial court erred by failing to make a finding on the recordthat appellant's sentence was consistent with similarly situatedoffenders.
 V. The trial court erred in imposing consecutive sentences on count 1and count 4 without making the requisite findings on the record tojustify the imposition of such a sentence."