JOURNAL ENTRY AND OPINION
{¶ 1} Terry Neal ("Neal") appeals the sentence imposed by the trial court. Neal argues that his three-year sentence violates the United States Supreme Court decision of Blakely v.Washington and is otherwise contrary to law. For the following reasons, we affirm.
 {¶ 2} On October 8, 2004, the Cuyahoga County grand jury indicted Neal with rape and kidnapping with a sexual motivation specification. On January 1, 2005, Neal pleaded guilty to the amended charge of sexual battery, a third degree felony. The State of Ohio dismissed the kidnapping charge. On February 7, 2005, the trial court sentenced Neal to a three-year prison term. Neal appeals the trial court's sentence.
 {¶ 3} In his sole assignment of error, Neal argues that his sentence violates Blakely v. Washington and is otherwise contrary to law.
 {¶ 4} On appeal, our standard of review is not whether the trial court abused its discretion. State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169. In accordance with R.C. 2953.08, an appellate court may increase, reduce, or otherwise modify a sentence that is appealed, or an appellate court may vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence, it is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122. See, also, State v. Hubbard, Cuyahoga App. No. 85387, 2005-Ohio-4977.
 {¶ 5} Pursuant to R.C. 2929.14(B), if a trial court elects to impose a prison term, the court shall impose the shortest prison term authorized for the offense, unless it finds, on the record, either that the offender was serving a prison term at the time of the offense or had previously served a prison term, or that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crimes by the offender or others. R.C. 2929.14(B)(2) does not require the trial court to give specific reasons for its findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165;State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 6} In the present case, the trial court found on the record that community control sanctions would not be available to Neal because of the seriousness of the offense. The trial court also found that "the shortest prison term of one year will not adequately protect this young lady from future crime by you or others by you." Accordingly, the trial court complied with R.C.2929.14(B) when it sentenced Neal to more than the minimum sentence.
 {¶ 7} However, Neal's appeal does not focus on an alleged failure to comply with R.C. 2929.14(B). The majority of Neal's appeal addresses his argument that the trial court's findings of fact violate Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. This argument has been addressed in this Court's en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, we held that R.C.2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.
Accordingly, even though Neal does not agree with the majority opinion of Atkins-Boozer, we reject his contentions in conformity with that opinion.
 {¶ 8} In this same assignment of error, Neal further argues that the trial court violated Cannon 3(B)(4) and (5) of the Code of Judicial Conduct when it questioned Neal about the cost of his drinking habit. Cannon 3(B)(4) provides:
"A judge shall be patient, dignified, and courteous tolitigants, jurors, witnesses, lawyers, and others with whom thejudge deals in an official capacity, and shall require similarconduct of lawyers, and of staff, court officials, and otherssubject to the judge's direction and control."
 Cannon 3(B)(5) provides:
 "A judge shall perform judicial duties without bias orprejudice. A judge shall not, in the performance of judicialduties, by words or conduct manifest bias or prejudice, includingbut not limited to bias or prejudice based upon race, gender,religion, national origin, disability, age, sexual orientation,or socioeconomic status, and shall not permit staff, courtofficials, and others subject to the judge's direction andcontrol to do so."
 {¶ 9} This Court is aware of the judicial cannons as well as a judge's responsibility to conduct a sentencing hearing with dignity and common courtesy. However, Neal failed to separately brief this issue in violation of App.R. 16(A)(7) and App.R. 12(A)(2). Accordingly, we decline to further address this argument.
 {¶ 10} Because we affirm the sentence imposed by the trial court, we do not need to address Neal's request for resentencing before a different trial court.
 {¶ 11} Neal's first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., J., concurs.
 Karpinski, P.J., concurs (see separate concurring opinionattached.)
 CONCURRING OPINION