JOURNAL ENTRY AND OPINION
{¶ 1} On May 3, 2006, Appellant Terry Neal filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Neal, Cuyahoga App. No. 86063,2006-Ohio-283. In his application to reopen, Neal asserts that appellate counsel was ineffective for failing to raise the issue that the trial court violated Canon 3(B)(4) and (5) of the Code of Judicial Conduct which unduly influenced the imposition of sentence. On May 12, 2006, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum in opposition to defendant-appellant's application to reopen pursuant to App.R. 26(B). For the following reasons, we decline to reopen Neal's appeal:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Neal possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. However, Neal did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that applying the doctrine of res judicata to this matter would not be unjust.
 {¶ 4} Notwithstanding the above, Neal fails to establish that his appellate counsel was ineffective. "In State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696.
 {¶ 5} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 91,104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. At 689, 104 S.Ct. 2052,80 L.Ed.2d 674. Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes, (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders
(2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. After reviewing Tell's proposed assignments of error, we find that he has failed to raise a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 6} In the application, Neal failed to establish how he was prejudiced by counsel's failure to assert this issue. To reopen a direct appeal, there must be an affirmative demonstration by the applicant that had this issue been raised, he would have been successful on appeal. Neal failed to meet this burden.
 {¶ 7} Accordingly, Neal's application to reopen is denied.
Celebrezze, JR., P.J., concurs Sweeney, J., concurs.