DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. A jury found Christopher Lee Spence, defendant below and appellant herein, guilty of rape in violation of R.C. 2907.02(A)(1)(b).
 {¶ 2} Appellant assigns the following error for review:
"THE TRIAL COURT'S SENTENCING OF APPELLANT TO A NON-MINIMUM SENTENCE, BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY APPELLANT, VIOLATES APPELLANT'S RIGHT TO DUE PROCESS AND TRIAL BY JURY AS GUARANTEED BY THEFIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION." *Page 2 
 {¶ 3} The Lawrence County Grand Jury returned an indictment charging appellant with rape. Appellant pled not guilty and was found guilty after his jury trial. The trial court sentenced appellant to serve five years in prison and stated that any lesser sentence will "demean the seriousness of the offense and would not adequately protect the public."[2]
 {¶ 4} Appellant asserts that the trial court erred by sentencing him to more than the minimum allowable sentence for a rape offense based on facts that he neither admitted or that a jury determined. The trial court stated that it imposed the five year prison sentence because "the shortest term would demean the seriousness of the offense and would not adequately protect the public." We note that this language appears to come from R.C. 2929.14(B)[3] and the Ohio Supreme Court has determined this provision to be unconstitutional. See State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph one of the syllabus.
 {¶ 5} If a sentence is arguably based on an unconstitutional statute, the proper remedy is to vacate that sentence and remand the case for re-sentencing. Id. at ¶ 103. This applies to all cases pending on direct review at the time Foster was decided. Id. at ¶ 104. Thus, we hereby vacate appellant's sentence and remand the matter for re-sentencing.
 {¶ 6} Appellee argues that in light of the facts and circumstances in this case, the trial court did not abuse its discretion by imposing a five *Page 3 
year sentence. However, our review does not involve the trial court's exercise of discretion; rather, our review involves the bases on which the court imposed a prison sentence. Here, the trial court apparently considered an unconstitutional statutory provision when it imposed more than a minimum sentence and the Ohio Supreme Court has determined that in such a situation the sentence must be vacated and the case remanded for re-sentencing. As an intermediate appellate court we are obligated to obey the Ohio Supreme Court's directives. See State v.Richardson, Pickaway App. No. 05CA29, 2006-Ohio-386, at ¶ 16; State v.Cain (Mar. 6, 2001), Hocking App. No. 99CA025.
 {¶ 7} Accordingly, based upon the foregoing we hereby sustain appellant's assignment of error, vacate appellant's sentence and remand the case for re-sentencing consistent with Foster.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and that the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to *Page 4 
Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion.
[2] ppellant timely appealed that judgment but we dismissed the case for failure to prosecute. On cember 19, 2006, we granted appellant's App.R. 26(B) application to reopen the appeal.
[3] R.C. 2929.14(B)(2) states that if a trial court imposes a prison term, it should impose the ortest prison term authorized by law unless, inter alia, "[t]he court finds on the record that the ortest prison term will demean the seriousness of the offender's conduct or will not adequately otect the public from future crime by the offender or others." *Page 1