[Cite as *State v. Abernathy*, 2011-Ohio-1056.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :       Case No.   10CA3341

    vs.                                        :

PERCY J. ABERNATHY, III,                         :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

APPELLANT PRO SE:          Percy J. Abernathy, III, #549-410, P.O. Box 69, London, Ohio,
                           43140, Pro Se

COUNSEL FOR APPELLEE:      Mark E. Kuhn, Scioto County Prosecuting Attorney, and
                           Pat Apel, Scioto County Assistant Prosecuting Attorney,
                           602 Seventh Street, Room 310, Portsmouth, Ohio 45662
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-28-11

ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court re-sentencing judgment.   Percy J. Abernathy, III, defendant below and appellant herein, assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED DURING SENTENCING, WHEN IT FORCED DEFENDANT TO STICK TO A 9 YEAR SENTENCING AGREEMENT, AFTER JURY TRIAL, WHEN IT WAS OBVIOUS FROM THE RECORD AND THE

DEFENDANT THAT HE NO LONGER WANTED THE AGREEMENT AND THAT HE WANTED THE COURT TO CONSIDER THE APPLICABLE FACTORS TO DETERMINE WHETHER OR NOT HE QUALIFIED FOR A THREE YEAR MINIMUM/TIME SERVED SENTENCE DURING RESENTENCING."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED DURING SENTENCING, WHEN IT FAILED TO PROPERLY NOTIFY THE DEFENDANT OF ALL THE APPLICABLE CONSEQUENCES FOR A POST RELEASE CONTROL VIOLATION IF HE WAS TO VIOLATE PRC AFTER BEING PLACED UPON IT BY THE PAROLE BOARD.."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF AN UNREASONABLE WARRANTLESS SEARCH AND SEIZURE."

{¶ 2}   In 2007, appellant was convicted of (1) first-degree felony possession of cocaine; (2) first-degree felony trafficking in crack cocaine; (3) fifth-degree felony possession of cocaine; and (4) possession of criminal tools.   The trial court sentenced appellant to serve: (1) a mandatory nine-year prison term for possession of cocaine; (2) a mandatory nine-year prison term for trafficking; (3) twelve months for the fifth-degree felony drug possession charge; and (4) twelve months for the possession of criminal tools.   The court further ordered the sentences to be served consecutively for a total sentence of twenty years.

{¶ 3}   In State v. Abernathy, Scioto App. No. 07CA3160, 2008-Ohio- 2949, at ¶¶45-46 (Abernathy I), we reversed appellant's sentence on the grounds that the possession and trafficking of crack cocaine are allied offenses of similar import.   The trial court issued a new judgment on

July 2, 2008 and held that the trafficking and possession charges had merged and sentenced appellant to an aggregate total of eleven years.

{¶ 4} Appellant commenced these particular proceedings on May 21, 2009 and argued that the re-sentencing is void because the trial court did not adequately inform him of post-release control. A sentencing hearing was then held on December 16, 2009, at which time the court conveyed that information to appellant. The following day, the trial court issued another re-sentencing judgment that imposed an aggregate sentence of nine years and repeated the warning concerning postrelease control. On May 12, 2010, we granted appellant leave to file a delayed appeal, and the matter is properly before us for review.

I

{¶ 5} Appellant's first assignment of error appears to posit that the trial court erred in re-sentencing him. We agree, albeit for different reasons than appellant argues in his brief.

{¶ 6} The 2009 re-sentencing entry modified the 2008 re-sentencing entry by reducing the term of imprisonment from eleven years to nine. Once a valid sentence is carried into execution, a trial court has no jurisdiction to modify that sentence. State v. Garretson (2000), 140 Ohio App.3d 554, 558-559, 748 N.E.2d 560; State ex rel. Duffy v. Pittman, Portage App. No. 2006-P-0043, 2007-Ohio-346 at ¶9; State v. Young, Montgomery App. No. 20813, 2005-Ohio-5584, at ¶6. Of course, at the time appellant commenced the instant proceedings, the 2008 judgment was not valid as it did not contain notification about post-release control. See State v. Bezak, 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250, at the syllabus. Thus, at the time of the trial court proceedings, the trial court did possess jurisdiction to modify that sentence.

{¶ 7}   However, the Ohio Supreme Court recently modified the <u>Bezak</u> syllabus. See <u>State v. Fischer</u>, ___ Ohio St.3d ___, ___ N.E.2d ___, 2010-Ohio-6238, at paragraph two of the syllabus.   Now it appears that only the particular part of the sentence that fails to comply with the proper imposition of post-release control is void and re-sentencing must be limited to the proper imposition of that control. Id. at ¶¶28-29.   Because court decisions generally apply retrospectively, see e.g. <u>DiCenzo v. A-Best Prods. Co., Inc.</u>, 120 Ohio St.3d 149, 897 N.E.2d 132, 2008-Ohio-5327, at paragraph one of the syllabus; also see <u>State v. Akers</u> (Sep. 9, 1999), Lawrence App No. 98CA33, at fn. 5, the trial court had no authority to do more than to comply with the post-release control requirements.   Appellant's remaining eleven year prison sentence is still valid and the trial court had no authority (applying <u>Fischer</u> retrospectively) to modify that sentence.

{¶ 8}   Therefore, we sustain appellant's first assignment of error to this limited extent. The December 17, 2009 judgment will be vacated and the matter remanded for further proceedings consistent with this opinion.

II

{¶ 9}   Appellant asserts in his second assignment of error that the court erred by not warning him of the consequences of violating his postrelease control.   The appellee candidly concedes this error in its brief.   Although this error is technically moot, in view of our disposition of appellant's first assignment of error, we nevertheless agree with appellee.

{¶ 10}  We acknowledge that the December 16, 2009 hearing transcript reveals that the trial court warned appellant of "consequences" for "violating conditions of post release control." However, at the hearing no further explanation of those consequences occurred.   Further, the

sentencing entry only specified that appellant was "ordered" to serve "any prison term for violation of that post release control." Was this sufficient? We agree with the appellee that it is not.

**{¶ 11}** When imposing sentence, trial courts must notify an offender at the sentencing hearing that he will be supervised pursuant to R.C. 2967.28 and, upon violating postrelease control, the parole board may impose a prison term of up to one-half of the prison term originally imposed. See R.C. 2929.19(B)(3)(e). Our interpretation of recent case law that applies this statute is that the potential for additional prison time must be explicitly spelled out. See e.g. State v. Bloomer, 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009-Ohio-2462, at ¶2; State v. Huber, Cuyahoga App. No. No. 93923, 2010-Ohio-5586, at ¶30.

**{¶ 12}** Thus, we agree with the appellee it is insufficient to simply warn appellant that "consequences" would arise for violating postrelease control. Therefore, appellant's second assignment of error is well-taken and hereby sustained.

III

**{¶ 13}** Appellant's third assignment of error asserts the trial court committed reversible error by not granting his motion to suppress evidence during the original trial court proceedings. We disagree.

**{¶ 14}** This is an issue that should have been pursued in Abnernathy I. The doctrine of res judicata bars an issue from being raised in a subsequent appeal if it was also raised, and disposed of on the merits, in a previous appeal. Moreover, an argument that could have been raised on a previous appeal, but was not, is also barred by the doctrine of res judicata. The Ohio Supreme Court made clear in Fischer, 2010-Ohio-6238, at paragraph three of the syllabus, that res

judicata still applies to every other part of a sentencing judgment except those that fail to comply with post-release control requirements.

{¶ 15} Accordingly, to the extent that this suppression issue was raised in Abernathy I, See 2008-Ohio-2949, at ¶¶15-39, it cannot be considered again at this late date.   To the extent that this issue could have been raised in Abernathy I, but was not, it is also overruled.   The suppression issue cannot be considered again at this late date and appellant's third assignment of error is hereby overruled.

{¶ 16} Having sustained appellant's first assignment of error to a limited extent, as well as his second assignment of error, the 2009 re-sentencing entry is vacated and this matter is hereby remanded for further proceedings consistent with this opinion.

JUDGMENT VACATED AND CASE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH
THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be vacated and the case remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:‎_____
Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.