[Cite as *State v. Adams*, 2012-Ohio-255.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA3391 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JOHN ADAMS, | : | |
| | : | **RELEASED 01/03/12** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

James H. Banks, Dublin, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecutor, Portsmouth, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}  John Adams appeals the new sentence the trial court entered on remand from this Court.  Adams contends his sentence is clearly and convincingly contrary to law and that the court abused its discretion in selecting it because the court again relied on an unconstitutional statute and made an incorrect finding regarding his criminal past.  However, the portion of the original resentencing entry that Adams objects to did not reflect the court's actual findings at the resentencing hearing and was included in the entry by mistake.  Therefore, we issued a second remand directing the trial court to file a nunc pro tunc entry.  The trial court did so under Crim.R. 36 and eliminated the language that had been included by a scrivener's error.  Because the nunc pro tunc entry complied with our original remand and the law, we affirm Adams' new sentence.

I.  Facts

{¶2}  A jury convicted Adams of one count of murder, one count of aggravated

burglary, and two counts of kidnapping, all with firearm specifications. We vacated

Adams' original sentence because the trial court relied on R.C. 2929.14(B) and (E)(4)

when it imposed greater-than-minimum and consecutive prison terms, and the Supreme

Court of Ohio declared those statutory provisions unconstitutional in *State v. Foster*, 109

Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *State v. Adams*, Scioto App. Nos.

04CA2959 & 05CA2986, 2009-Ohio-6491, at ¶11 (Adams I). After the court

resentenced Adams on remand, this appeal followed (Adams II).

## II.  Assignment of Error

**{¶3}**    Adams assigns one error for our review:

THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.
[Transcript marked "July 19, 2004" at pp. 6-9; Judgment Entry filed
7/28/04 at pp. 4-7; Transcript of July 7, 2010 hearing at p. 3; Judgment
Entry filed 9/23/10]

## III.  Sentencing

**{¶4}**    In his sole assignment of error, Adams contends that the trial court erred

when it resentenced him. In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896

N.E.2d 124, the Supreme Court of Ohio announced the standard for appellate review of

felony sentences. We must employ a two-step analysis. First, we "must examine the

sentencing court's compliance with all applicable rules and statutes in imposing the

sentence to determine whether the sentence is clearly and convincingly contrary to law."

*Kalish* at ¶4. If the sentence is not clearly and convincingly contrary to law, we must

review the trial court's decision for an abuse-of-discretion. Id.

**{¶5}**    Adams argues that his new sentence is clearly and convincingly contrary

to law and that the trial court abused its discretion in imposing it because the trial court

"made the same findings on the record which this Court found to be contrary" to *Foster*

and "stated those findings as the basis for its imposition of maximum and consecutive sentences * * *." (Appellant's Br. 6, 8). Adams also complains that the court found consecutive sentences necessary "based upon [his] history of criminal conduct; however, it is undisputed that [he] has absolutely no history of criminal conduct." (Appellant's Br. 6). Contrary to Adams' contention, the original resentencing entry made no findings related to the imposition of maximum sentences that are improper under *Foster*. However, the entry did contain the following statements related to the imposition of consecutive sentences:

> Pursuant to Revised Code section 2929.14(E), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. The Court also finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary.

**{¶6}** The language used in the original resentencing entry implicated R.C. 2929.14(E)(4). The State's brief implicitly acknowledged that reliance on this code section would violate *Foster* and that there was no factual basis for the trial court's statement that Adams had a history of criminal conduct. However, the State claimed that it prepared the resentencing entry, the trial court did not make the findings quoted above at the resentencing hearing, and that the State included this language in the entry by mistake. The State suggested that we again remand this matter to the trial court to issue corrected nunc pro tunc entry.

**{¶7}** Our review of the resentencing hearing revealed the trial court explicitly acknowledged we had remanded this matter after finding the court violated *Foster* "in giving reasons for the sentences imposed * * *." Our review also revealed the court did

not make any findings that ran contrary to *Foster*.  The court did not state that consecutive sentences were necessary to protect the public from future crime and to punish Adams or that consecutive sentences were not disproportionate to the seriousness of Adams' conduct and to the danger he posed to the public.  Moreover, the court did not find that Adams had a history of criminal conduct which demonstrated that consecutive sentences were necessary.  Adams' attorney brought up the issue of his criminal past, complaining that when the court originally sentenced Adams it incorrectly stated that he had a history of criminal activity.  The State did not contradict this assertion, and the court appeared to accept that it had made a mistake at the original sentencing hearing, stating, "Okay so I cited a past of prior convictions which are not current."  And when the court orally announced Adams' new sentence, the court did not relate its decision to Adams' criminal history or lack thereof.

{¶8}   Given the court's explicit acknowledgement of the reason for the remand, and the absence of any findings on the record at the resentencing hearing that violate *Foster*, we agreed with the State that the original resentencing entry did not accurately reflect the trial court's actual decision.  So, we remanded the matter to the trial court again for the limited purpose of issuing a corrected sentencing entry that reflected the findings the court actually made at the resentencing hearing.[1]  See App.R. 9(E); Crim.R. 36; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, at ¶13 (per curiam) ("Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court

---

[1] We also remanded with instructions for the court to address other clerical errors in the entry unrelated to Adams' complaints on appeal.

actually decided."). Subsequently, the trial court issued a nunc pro tunc sentencing entry that omitted the language Adams finds objectionable in his assignment of error. That nunc pro tunc resentencing entry forms the final appealable order in this appeal.

## IV. Conclusion

**{¶9}** Because the nunc pro tunc resentencing entry does not contain any language that is contrary to *Foster* or any reference to Adams' criminal history, the trial court properly complied with our original remand in Adams I and the law on sentencing. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha
       Presiding Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**