[Cite as *State v. Adams*, 2012-Ohio-3325.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3452 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JOHN ADAMS, | : | |
| | : | **RELEASED 07/19/12** |
| | | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

James H. Banks, Dublin, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecutor, Portsmouth, Ohio, for appellee.
_____
Harsha, J.

{¶1}   John Adams appeals from the sentence the trial court imposed in its August 30, 2011 "NUNC PRO TUNC SENTENCING ENTRY."  However, the trial court issued this entry pursuant to our limited remand order in an earlier appeal Adams filed. In *State v. Adams*, 4th Dist. No. 10CA3391, 2012-Ohio-255 (*Adams II*), we affirmed the sentence imposed in this entry.  Because Adams' arguments were or could have been raised in *Adams II*, they are barred by the doctrine of res judicata.  Accordingly, we affirm the trial court's judgment.

I.  Facts

{¶2}   A jury convicted Adams of one count of murder, one count of aggravated burglary, and two counts of kidnapping, all with firearm specifications.  We vacated Adams' original sentence because the trial court relied on R.C. 2929.14(B) and (E)(4) when it imposed greater-than-minimum and consecutive prison terms, and the Supreme

Court of Ohio declared those statutory provisions unconstitutional in *State v. Foster*, 109

Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  *State v. Adams*, 4th Dist. Nos.

04CA2959 & 05CA2986, 2009-Ohio-6491, ¶ 11 (*Adams I*).  After the court resentenced

Adams on remand, he appealed from the September 23, 2010 resentencing entry.  He

argued that his sentence was clearly and convincingly contrary to law and that the court

abused its discretion in choosing it because the court again relied on an unconstitutional

statute and made an incorrect finding regarding his criminal past.  *Adams II*, *supra*, at ¶

1.  However, we concluded that the portion of the resentencing entry Adams objected to

did not reflect the court's actual findings at the resentencing hearing and was included

in the entry by mistake.  *Id.*  Therefore, we issued a second remand directing the trial

court to file a nunc pro tunc entry.  *Id.*  The court did so under Crim.R. 36 and eliminated

the language from the resentencing entry that had been included by a scrivener's error.

*Id.*  Because the nunc pro tunc entry complied with our original remand order and the

law, we affirmed Adams' new sentence.  *Id.*  Before we released our final decision in

*Adams II*, Adams filed a separate notice of appeal from the nunc pro tunc entry.

## II.  Assignment of Error

**{¶3}**    Adams assigns one error for our review:

THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.
[Transcript marked "July 19, 2004" at pp. 6-9; Judgment Entry filed
7/28/04 at pp. 4-7; Transcript of July 7, 2010 hearing at p. 3; Judgment
Entry filed 9/23/10, Nunc Pro Tunc Sentencing Entry filed 8/30/11]

## III.  Res Judicata

**{¶4}**    "The doctrine of res judicata bars an issue from being raised in a

subsequent appeal if it was also raised, and disposed of on the merits, in a previous

appeal.  Moreover, an argument that could have been raised on a previous appeal, but

was not, is also barred by the doctrine of res judicata." *State v. Abernathy*, 4th Dist. No. 10CA3341, 2011-Ohio-1056, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

**{¶5}** In his sole assignment of error, Adams contends that his sentence is clearly and convincingly contrary to law and that the trial court abused its discretion in imposing it. Adams complains about the same statements in the September 23, 2010 resentencing entry which he complained about in *Adams II*. He argues that the court could not simply delete the statements through a nunc pro tunc entry because the court in fact made the objectionable findings, i.e., the inclusion of the statements in the resentencing entry was not merely a clerical mistake. However, we already addressed this issue in *Adams II* and determined that the court could issue a nunc pro tunc entry omitting the statements because they did not reflect the court's actual findings at the resentencing hearing and were therefore included in the September entry by mistake. *Adams II*, *supra*, at ¶ 1. Res judicata precludes Adams from challenging this holding in the present appeal.

**{¶6}** Adams also argues that the trial court made findings "not based upon evidence presented or jury decision," making his sentence "unduly harsh and invalid under the law which existed pre-<u>Foster.</u>" (Appellant's Br. 11). He also complains that prior to sentencing him, the trial court never acknowledged that it was aware of the fact

that the jury found he released the kidnapping victims unharmed.  (Appellant's Br. 11).
However, he could have raised these arguments in *Adams II*, so res judicata bars him
from raising them now.

{¶7}    Adams also argues that he is entitled to retroactive application of House
Bill 86's presumption in favor of concurrent sentences due to the sentencing errors he
identified in this appeal.  However, we already concluded that the arguments Adams
made in this appeal about sentencing errors are barred by res judicata.  Because we
found no errors in his new sentence and affirmed it in *Adams II*, his argument for
retroactive application of House Bill 86 must fail.

{¶8}    Accordingly, we overrule the sole assignment of error and affirm the trial
court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
     William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**