[Cite as *State v. Spence*, 2012-Ohio-5045.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :    Case No. 11CA28

    vs.                                      :

CHRISTOPHER L. SPENCE,                       :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                 :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Ohio Assistant Public Defender, 250 East Broad Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:    J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Brigham M. Anderson, Lawrence County Assistant Prosecuting Attorney, Lawrence County Courthouse, One Veteran's Square, Ironton, Ohio 45638

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-22-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment that overruled a motion by Christopher L. Spence, movant below and appellant herein, to vacate his post-release control.   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED BY FAILING TO [INFORM APPELLANT] AT THE SENTENCING HEARING THAT HE WILL BE SUPERVISED PURSUANT TO R.C. 2967.28 AND, UPON VIOLATING POSTRELEASE CONTROL, THE PAROLE BOARD MAY IMPOSE A PRISON TERM OF UP TO

              ONE-HALF OF THE PRISON TERM ORIGINALLY
              IMPOSED."

**{¶ 2}** In 2005, appellant was convicted of rape, in violation of R.C. 2907.02(A)(1)(b), and sentenced to serve five years in prison. We vacated that sentence and remanded the case for re-sentencing. See *State v. Spence*, 4th Dist. No. 05CA40, 2007-Ohio-2723. The trial court reimposed the same sentence later that year.

**{¶ 3}** In January 2010, just weeks before appellant's sentence ended, the trial court (apparently sua sponte) conducted another re-sentencing hearing "based on a line of cases involving the required language for post release control and for clarification within [the 2007] sentencing entry . . . ."[1] Appellant filed a pro se notice of appeal from that entry, but it is unclear from the record what happened to that appeal.[2]

**{¶ 4}** On October 13, 2011, appellant commenced the instant action with his motion to vacate post-release control. Appellant argued that although the 2010 sentencing entry explained the various levels of post-release control, the trial court "did not impose any particular term of control. Thus, appellant concluded, that part of his sentence is void and could not be enforced against him. The appellee did not respond and, on November 2, 2011, the trial court overruled appellant's motion. This appeal followed.

**{¶ 5}** Appellant advances several arguments to the effect that the post-release control the trial court imposed on him is void. We, however, need only consider one. Appellant asserts

---

[1] The trial court explained in its entry that the re-sentencing was done "pursuant to the requirements of <u>State v. Barnes</u>." The court does not give any citation to that case.

[2] Although a digital docket sheet from Lawrence County lists the status of the appeal as "undisposed," an entry further down that sheet indicates that it was dismissed on May 10, 2010.

that the trial court failed to warn him (at the 2010 re-sentencing hearing) of the consequences for

violating post-release control.[3]   The appellee concedes in its brief that "the trial court may not

have properly advised the defendant in the courtroom," but such warning was included in the

judgment entry.   We note, however, that both warnings are required.

{¶ 6}   As appellant correctly notes, this Court held in *State v. Abernathy*, 4th Dist. No.

10CA3341, 2011-Ohio-1056, as follows:

> "When imposing sentence, trial courts must notify an offender at the <u>sentencing hearing</u> that he will be supervised pursuant to R.C. 2967.28 and, upon violating postrelease control, the parole board may impose a prison term of up to one-half of the prison term originally imposed. See R.C. 2929.19(B)(3)(e). Our interpretation of recent case law that applies this statute is that the potential for additional prison time must be explicitly spelled out." (Emphasis added.) 2011-Ohio-1056, at ¶11.

{¶ 7}   In the case sub judice, the transcript of the March 31, 2010 re-sentencing hearing

reveals that the trial court warned appellant that he would be subject to "five years post release

control, which is the primary issue before the Court."   Appellant, however, was not warned at

the hearing what the consequences would be for violating that post-release control.   Therefore,

the sentencing entry, and more specifically that part of the entry devoted to post-release control,

is void.   See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶26; also

see *State v. Taylor*, 4th Dist. No. 10CA7, 2011-Ohio- 1391, at ¶12.   Further, although the

appellee may have had several options to correct this deficiency before appellant fully served his

prison sentence, it appears from the record appellant's five year prison sentence has run.

Therefore, the sentencing error cannot be corrected.   *State v. Bezak*, 114 Ohio St.3d 94,

---

[3]   Although this is not the precise basis upon which appellant grounded his motion, as we note later in the opinion the failure to include this warning rendered that part of the sentencing entry void and a void entry can be challenged at any

2007-Ohio-3250, 868 N.E.2d 961, at ¶18; also see e.g. *State v. Pullen*, 7th Dist. No. 11MA10,

2012-Ohio-1498, at ¶¶30-31; *State v. Breeden*, 6th Dist. No.   L–11–1122, 2012-Ohio-1100, at

¶¶25&29; *State v. Clarke*, 8th Dist. No. 97017, 2012-Ohio-924 at ¶14.

{¶ 8}   For these reasons, we agree with appellant that the trial court erred by overruling

his motion to vacate post-release control.   Consequently, we hereby sustain his assignment of

error, reverse the court's judgment and remand and the matter for an appropriate judgment

consistent with this opinion.

                                    JUDGMENT REVERSED AND
                                    CASE REMANDED FOR
                                    FURTHER PROCEEDINGS
                                    CONSISTENT WITH THIS
                OPINION.
                                    JUDGMENT ENTRY

        It is ordered that the judgment be reversed and the case be remanded for further
proceedings consistent with this opinion.   Appellant to recover of appellee costs herein taxed.

        The Court finds there were reasonable grounds for this appeal.

        It is ordered that a special mandate issue out of this Court directing the Lawrence County
Common Pleas Court to carry this judgment into execution.

        A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the
Rules of Appellate Procedure.   Exceptions.

        Harsha, J. & Kline, J.: Concur in Judgment & Opinion

                                    For the Court

                                    BY:_____
                                     Peter B. Abele

time.

Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.