[Cite as *State v. Marcum*, 2012-Ohio-6224.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24793 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-4575 |
| v. | : | |
| | : | |
| CHRISTOPHER W. MARCUM | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of December, 2012.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. #0083743, City of Dayton Prosecutor's Office, 335 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. #0076799, 2100 First National Plaza, 130 West Second Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Christopher Marcum appeals from his conviction and

sentence for Disorderly Conduct, following a negotiated plea deal. Marcum contends that the probation condition imposed on him requiring him to complete mental health treatment is unreasonable and impossible because there is no cure for his bipolar disorder. Furthermore, Marcum contends his trial counsel provided ineffective assistance by failing to object at sentencing to this unreasonable probation condition.

{¶ 2} We conclude that the requirement to complete mental health treatment is reasonable and no ineffective assistance of trial counsel has been demonstrated. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} Christopher Marcum was arrested and charged with Domestic Violence, in violation of R.C. 2919.25(A)(1), a misdemeanor of the first degree; Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and Disorderly Conduct, in violation of R.C. 2917.11(A)(2), a misdemeanor of the fourth degree. After a proper plea colloquy, Marcum pled guilty to Disorderly Conduct, and the other charges were dismissed. A pre-sentence investigation report was ordered.

{¶ 4} At the sentencing hearing, after the trial court stated that Marcum would be ordered to complete mental health treatment at Mahajan Therapeutics, the following colloquy ensued:

> THE DEFENDANT: There's one thing to this that; to complete Mahajan's; I
> mean I don't [know] why they decided to put that on there because evidently she don't
> understand that I got bipolar so it's not gonna be completed because I am bipolar.

THE COURT: No, no I understand there's no cure for that –

THE DEFENSE: While you're on probation.

THE COURT: Yes[,] that's understood.

THE DEFENDANT: Alright.

THE COURT: Just have a seat over there[,] sir.

THE DEFENSE: Thank you[,] Your Honor.   Tr. 5-6.

{¶ 5}   Marcum was sentenced to thirty days in jail, with credit for five days served, and the balance of the sentence was suspended.   As part of his community control sanctions, Marcum was ordered to complete the Stop the Violence Program and to "complete mental health treatment at Mahajan Therapeutics."   Dkt. 18.   He was fined $200, with $175 suspended, and was ordered to pay court costs.

{¶ 6}   From his conviction and sentence, Marcum appeals.   His assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reciting that counsel could find no potential assignments of error having arguable merit.   Under *Anders*, we are required to conduct an independent review of the record to determine whether there are any potential assignments of error having arguable merit.   By entry filed herein on April 4, 2012, we concluded that there is a potential assignment of error that the trial court erred by imposing, as part of the community-control sanction component of the sentence, the requirement that Marcum complete mental health treatment at Mahajan Therapeutics.

{¶ 7}   New counsel was assigned to Marcum and appellate briefs have been filed on behalf of Marcum and the State.

## II. Requiring Marcum to Complete Mental Health Treatment

## Is Neither Unreasonable Nor Impossible.

**{¶ 8}** Marcum's First Assignment of Error states:

THE REQUIREMENT TO COMPLETE MAHAJAN THERAPEUTICS HEALTH TREATMENT IS UNREASONABLE AND AN IMPOSSIBLE CONDITION OF PROBATION.

**{¶ 9}** We review the trial court's imposition of community control sanctions under an abuse of discretion standard. *State v. Tally*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10 (Citation omitted.) The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶ 10}** R.C. 2929.25(A)(1) governs the authority of the trial court to impose conditions of community control for a defendant who is convicted of a misdemeanor. R.C. 2929.25 provides, in part:

(A)(1) Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a

community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

{¶ 11} As part of the community control sanctions imposed on Marcum, he was ordered to "complete mental health treatment at Mahajan Therapeutics." Marcum contends that the "plain meaning" of this requirement "is that [Marcum] must complete mental health treatment for his incurable bi-polar disorder, which is impossible and unreasonable." Appellate Brief, p. 3. Marcum attached to his brief a brochure entitled "Bipolar Disorder," which supports the proposition that there currently is no cure for bipolar disorder, but that it is treatable.

{¶ 12} It is clear from a review of the transcript from the sentencing hearing that the trial court understood that there currently is no cure for bipolar disorder. Nevertheless, the trial court ordered Marcum to complete mental health treatment during his one year of community control. We do not agree with Marcum that an order to complete mental health treatment means that he must be cured of his particular mental health condition before the order can be deemed fulfilled. Marcum concedes that bipolar disorder is treatable.

Furthermore, there is no evidence in the record to support the contention that it is impossible for Marcum to attend and undergo mental health treatment. Consequently, we conclude that the trial court did not abuse its discretion by imposing as a condition of his community control that Marcum complete mental health treatment at Mahajan Therapeutics.

{¶ 13} Mahajan Therapeutics will presumably determine, in the first instance, whether and when Marcum has completed treatment for his condition. If Marcum were to conclude that Mahajan Therapeutics was being unreasonable in determining that he has not completed treatment, he could raise that issue in the trial court, by seeking an order from that court that he had completed treatment. Of course, if he were then to be dissatisfied with the trial court's ruling on that issue, he could exercise his right to appeal to this court.

{¶ 14} Marcum's First Assignment of Error is overruled.


### III. Ineffective Assistance of Counsel Has Not Been Demonstrated

{¶ 15} Marcum's Second Assignment of Error states:

APPELLANT'S TRIAL COUNSEL'S FAILURE TO OBJECT TO APPELLANT'S UNREASONABLE SENTENCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 16} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at

689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 17} Marcum contends that his trial counsel provided ineffective assistance by failing to object to the sentence imposed by the trial court and that Marcum was prejudiced by this failure. Marcum's contention, however, is based on the proposition that the trial court's sentence is unreasonable for the reasons stated in his First Assignment of Error. Because we have found that Marcum's First Assignment of Error is without merit, Marcum's claim of ineffective assistance of counsel must fail.

{¶ 18} Marcum's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 19} Both of Marcum's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Matthew Kortjohn
Michael T. Columbus
Hon. Carl Sims Henderson