[Cite as *State v. DuPuie*, 2013-Ohio-3413.]
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   12CA3356

    vs.                                 :

PENELOPE L. DuPUIE,                     :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT          Aaron M. McHenry, Benson, McHenry & Sesser, LLC, 36
                               South Paint Street, Chillicothe, Ohio 45601[1]

_____

CRIMINAL APPEAL FROM COMMON PLEAS
DATE JOURNALIZED: 7-5-13
ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of

conviction and sentence.   Penelope L. DuPuie, defendant below and appellant herein, pled guilty

to the possession of cocaine in violation of R.C. 2925.11.   Appellant's counsel has advised us

that he has reviewed the record and can discern no meritorious claim on appeal.   Thus, under

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellate counsel

requests, and we hereby grant, leave to withdraw.

_____

[1] The appellee did not enter an appearance in this appeal.   On March 28, 2013, this Court sent notice to appellant that an *Anders* brief had been filed and provided forty days to file a pro se brief.   Appellant, however, did not enter a personal appearance in this appeal.

{¶ 2} Further, counsel represents that he reviewed the court file and transcripts and cannot posit any arguable error. Consequently, we must conduct an independent review of the record to determine if we can ascertain any arguable errors. See *State v. Marcum*, 2nd Dist. 24793, 2012-Ohio-6224, at ¶6.

{¶ 3} On October 28, 2011, the Ross County Grand Jury returned an indictment that charged appellant with the possession of cocaine. The trial court issued an arrest warrant that, apparently, was not executed for almost one year. Appellant pled not guilty at her October 9, 2012 arraignment.

{¶ 4} Subsequently, appellant agreed to plead guilty in exchange for a recommended five year prison sentence.[2] At the October 24, 2012 hearing, the trial court questioned appellant to ascertain her awareness of her constitutional rights and that she offered her plea knowingly and voluntarily. Satisfied that appellant understood her rights and voluntarily entered her guilty plea, the trial court found her guilty.

{¶ 5} The trial court sentenced appellant to serve three years of incarceration, the minimum sentence for a first degree felony, and two years less than the State's recommendation. The court also ordered five years of post release control. This appeal followed.

{¶ 6} As appellate counsel notes in his *Anders* brief, the record on appeal is sparse. No "motion practice" occurred, as counsel observes, but then again we find no indication that any such activity was warranted. We also point out that a guilty plea waives any claim to the ineffective assistance of trial counsel for failing to engage in such practice. See generally, *State*

---

[2] Sentences for first degree felonies range from three to eleven years. R.C. 2929.14(A)(1).

*v. Allbaugh*, 4th Dist. No. 12CA23, 2013-Ohio-2031, at ¶38; *State v. McCann*, 4th Dist. No. 10CA12, 2011-Ohio-3339, at ¶18.

{¶ 7}  We also reviewed the transcript of the October 24, 2012 change of plea hearing and find nothing amiss.  The trial court appears to have complied with Crim.R. 11(C)(2) and we find no error with the sentence that the trial court imposed.

{¶ 8}  Generally, appellate review of criminal sentences involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Pearson*, 4th Dist. No. 10CA17, 2011-Ohio-5910, at ¶5. First, we must determine if a trial court complied with all the applicable rules and statutes. *Kalish*, supra, at ¶26; *State v. Marino*, 4th Dist. No. 11CA36, 2013-Ohio-113, at ¶6.  If it did, we then review the court's decision under the abuse of discretion standard.  *Kalish*, supra, at ¶26; *State v. Adams*, 4th Dist. No. 10CA3391, 2012-Ohio-255, at ¶4. We see no deviation from the applicable statutes and rules.  As aforesaid, the trial court imposed the minimum allowable sentence.  We also find no abuse of discretion.  This is particularly true in view of the fact that the court imposed a sentence two years less than the state's recommendation set forth in the plea agreement.

{¶ 9}  For all these reasons, we find no arguable error in the proceedings and, because we agree that the appeal is wholly frivolous, we hereby (1) grant appellate counsel's motion to withdraw, and (2) affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. DuPuie*, 2013-Ohio-3413.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.